## SCOVILLE MFG. CO. v. PATENT BUTTON CO. et al.

### (Circuit Court, D. Connecticut. February 5, 1900.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

  Where the question of infringement is a nice one, which cannot be satisfactorily determined on affidavits, and the defendant is financially responsible, a preliminary injunction will be denied.

This is a suit for infringement of a patent. On motion for preliminary injunction. Denied.

Mitchell, Bartlett & Brownell, for complainant.

George Cook, for defendants.

TOWNSEND, District Judge. Motion for preliminary injunction against infringement of patent No. 598,021, granted to Shipley & Hyde, January 25, 1898, for a tack-fastened button. The claims in suit are as follows:

"(1) A button, formed with a shank having secured in the bottom thereof a clinching anvil, the lower plate of the latter resting against the bottom of the button proper, and serving as a bearing for the upset end of a button fastener, substantially as described."

"(7) A button having a face and shank, and a dome-like anvil, having a reinforce or washer, and positively secured in the base of the shank, and thereby rigidly restrained from outward movement, the anvil serving to turn the point of the fastening, and the reinforce or washer receiving the turned point of the fastening, and thereby reinforcing the base of the shank, substantially as described."

Defendants are estopped to deny priority by reason of having been in interference. The defendant Platt was the first to conceive this button, but was defeated in the interference proceedings, because he had not used due diligence in reducing his conception to practice. Defendants manufacture their buttons under patents No. 568,546, to defendant Clark M. Platt; No. 607,452, to Franklin G. Neubert; and No. 635,706, to Franklin R. White.

The question of infringement is complicated by the inconsistencies in the contentions and statements of both sides, in the interference proceedings, as to the scope of said patents and the meaning of the terms therein used. The issue involved is one of functional construction. All the buttons in question comprise a shell or button body, and a dome-shaped circular piece inserted therein, the latter serving as an anvil to upset the point of a tack driven through the fabric and into the button.

The alleged invention is so narrow that it is difficult to state in what is consists. The court of appeals of the District of Columbia found as follows:

"The matter in issue is a button which is to be fastened to a garment by means of a tack driven through the garment into the button head, and its point upset or clinched by means termed a 'die' or 'anvil.' The feature that lends patentability to this particular button is the form of anvil, which is

made·crown or dome shaped, with its base, which is provided with an opening for the insertion of the tack, resting upon the back piece or bottom of the button. This anvil performs two functions when the parts of the button are properly assembled, viz.: (1) To reinforce the bottom of the button; and (2) to upset the end of the tack or rivet. When upset, the end of the tack bears against the bottom of the die."

Such anvils or dies and such reinforcers were old. The defendants contend, in view of the history of said patent and of the prior art, that said claims must be limited to a button having a flat bottom, and a die or anvil having a flat bottom, and that these two shall be turned inwardly to the same extent, so as to so mutually reinforce each other that the strain will come on the bottom plate of the die instead of on the metal surrounding the opening in the bottom of the button. This was the contention of the representatives of complainant during the whole course of interference proceedings. Complainant's representatives then contended, also, that buttons such as those now alleged to infringe had no bottom, and therefore that there was nothing for the die or anvil to reinforce.

Counsel for defendants says: "The largest opening which can be made in the bottom of a button to be used with a tack is smaller ·than the smallest opening in the bottom of our eyelet buttons." It is true that in defendants' "eyelet buttons," so called, the hole is so ·large, or, rather, there is so little bottom, if any, that an upset tack would fall out. Therefore, while there is a flange or knurl which may be called a bottom, it is not functionally a bottom, in the sense ·of supporting a tack, and therefore the washer does not reinforce it. ·In defendants' button there is no "plate * * * resting against ·the bottom of the button proper," but only a thickened edge curled up on itself. In said interference proceedings complainant acknowledged and contended that these were different constructions. In its later patent to Ashley it covered, by claim 6, an upturned edge, such as defendants use, as an invention distinct from that of the patent in suit.

Defendants claim that their buttons are manufactured in accordance with their patent to defendant Platt, No. 568,546. The construction of this patent is admitted by complainant to have been outside the interference, and therefore not to infringe. The only difference between defendants' construction and that of said patent to Platt is that their buttons have a somewhat increased flange or bottom varying in degree, without necessarily any functional difference, although, possibly, with a greater resistance as said flange is enlarged. But in any case it is questionable whether said bottom has any infringing function of reinforcement, or any function other than that of said Platt patent. The defendants are admittedly financially responsible. The nice question of infringement raised by the varying degrees of resistance surface cannot be satisfactorily settled on affidavits. The defendants manufacture under three patents, apparently in the same field with that of complainant's patent, but which are not at present sufficiently shown to be improvements thereon or infringements of the first and seventh claims thereof. The motion is denied.